#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:22-CR-105- |
| | § | SDJ-CAN |
| ROGELIO CORONADO III (1) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Rogelio Coronado III's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on June 30, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Andrew Stover.

Defendant was sentenced on October 29, 2014, before The Honorable Xavier Rodriguez, U.S. District Judge for the Western District of Texas, after pleading guilty to the offense of Conspiracy to Possess With Intent to Distribute a Detectable Quantity of Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of II, was 97 to 121 months. Defendant was subsequently sentenced to 97 months imprisonment to be followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance drug testing and treatment, alcohol restrictions, and a $100 special assessment. On January 2, 2019, Defendant began his term of supervised release in the Western District of Texas, San Antonio Division. On July 31, 2019, supervision was transferred to the Eastern District of Texas. On April 27, 2022, jurisdiction was transferred from

the Western District of Texas to the Eastern District of Texas and assigned to The Honorable Sean D. Jordan, U.S. District Judge.

On May 31, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) The defendant shall refrain from any unlawful use of a controlled substance; (2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (4) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay; and (5) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer [Dkt. 2 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On January 24, 2019, Defendant reported to the U.S. Probation Office in the Western District of Texas and submitted a urine specimen which tested positive for amphetamine. He subsequently admitted to his supervising officer that he used methamphetamine on January 21, 2019 and he signed an

admission form stating such.  On February 28, 2022, Defendant reported to the U.S. Probation Office and submitted a urine sample which tested positive for methamphetamine.  The specimen was subsequently confirmed positive by Alere Toxicology.  On March 2 and 15, 2022, Defendant submitted a urine specimen at Addiction Recovery Center in Lewisville, TX, that tested positive for methamphetamine.  The specimens were subsequently confirmed positive by Alere Toxicology; (3) On November 18, 2021, Defendant was involved in a traffic stop by the Carrollton Police Department for driving a vehicle with a defective third brake lamp and unconfirmed insurance.  According to the police officer making the traffic stop, Defendant was relaxed and calm, but stated that he was not able to provide insurance and asked to be given a ticket so that he could leave.  After the officer learned that Defendant was on federal supervision he was asked to step out of the vehicle.  According to the officer, Defendant's demeanor immediately changed to irate and confrontational.  Defendant refused to tell the officer why he was on probation, or if he was still an active gang member.  The officer then asked for consent to search the vehicle and Defendant refused.  Reasonable suspicion was developed, and the officer requested a K9 officer to the stop, which gave a positive alert on the vehicle.  The vehicle was subsequently searched with no contraband being found.  According to the officer, during the duration of the stop, Defendant continued to try to use his phone to contact his girlfriend, father, and possibly others, despite being instructed not to by officers.  Defendant was released on scene with a citation for Fail to Maintain Financial Responsibility, in violation of Texas Transportation Code § 601.191.  Defendant failed to report this contact with the Carrollton Police Department.  The city of Carrollton Municipal Court advised that this citation was paid in full on December 16, 2021.  On April 26, 2022, Defendant was cited by the Carrollton Police Department for speeding in a school zone.  Defendant failed to report this contact with the Carrollton Police Department. Additionally,

contact was made with the city of Carrollton Municipal Court on May 25, 2022, and they advised that Defendant failed to appear for court on this citation on May 24, 2022. This citation remains pending; (4) Defendant failed to report for drug testing at Addiction Recovery Center in Lewisville, Texas on March 29; and April 6, 12, and 26, 2022. Additionally, on March 17, 2022, Defendant was referred for weekly Cognitive Behavioral Group counseling and monthly individual substance abuse counseling at Addiction Recovery Center in Lewisville, Texas. Defendant failed to attend his scheduled treatment sessions on March 31, and April 14, 2022. Additionally, on March 31, 2022, after failing to show for his individual substance abuse counseling session at Addiction Recovery Center, Defendant showed up for group counseling and refused to provide a urine specimen when requested by the treatment provider; and (5) Defendant failed to submit a monthly report via the electronic reporting system (ERS) for the months of November and December 2021; and January 2022, within the first five days of each month as directed. At the time of this writing, he has not submitted his monthly report for the months of February, March, and April 2022 [Dkt. 2 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the five allegations. Having considered the Petition and the plea of true to allegations 1 through 5 of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 14, 15].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of imprisonment of six (6) months, with one (1) year of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Bastrop, Texas, or Seagoville, Texas, if appropriate.

**SIGNED this 11th day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE