IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:22-CR-105-SDJ-AGD |
| ROGELIO CORONADO, III | § § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on January 22, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Sarah Jacobs. The Government was represented by Assistant United States Attorney Tom Gibson.

On November 10, 2014, United States District Judge Xavier Rodriguez sentenced Defendant to a term of ninety-seven (97) months of imprisonment followed by five (5) years of supervised release. *See* Dkts. 1-1 at 19–21; 23 at 1. On January 2, 2019, Defendant began serving his term of supervised release. *See* Dkt. 2 at 1. On July 14, 2022, Defendant's term of supervision was revoked, and he was sentenced to six (6) months of imprisonment followed by one (1) year of supervised release. *See* Dkt. 17. On December 16, 2022, Defendant began serving his second term of supervised release. *See* Dkt. 23 at 1.

On September 25, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 23), alleging Defendant violated three conditions of his supervised release. *See* Dkt. 23 at 1–3. The Petition asserts Defendant violated

1

the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged; and (3) Defendant shall report to the Probation Officer as instructed. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On April 6, 2023, Defendant submitted a urine specimen at the Probation Office, which tested positive for methamphetamine and amphetamine. Defendant admitted verbally and in writing to using methamphetamine, and the specimen was subsequently confirmed positive by Alere Toxicology.

On August 22, 2023, after Defendant failed to attend multiple drug test appointments at Addiction Recovery Center ("ARC") in Lewisville, Texas, an unannounced home visit was conducted at his home with the undersigned and Supervising Probation Officer Jansen Kitchens. Defendant verbally admitted that he has been using methamphetamine to mellow out. When asked how often he was using methamphetamine, he stated, "Once in a grey while." Defendant subsequently submitted to a drug test at his home, which returned presumptive positive for methamphetamine and amphetamine. Upon questioning, he denied any recent methamphetamine use but stated that he recently consumed Adderall, which was not prescribed to him and given to him by a friend. The specimen was later forwarded to Alere Toxicology for confirmation; however, the lab noted that a confirmation was unable to be determined due to mass spectrometry interference.

On September 19, 2023, Defendant submitted a urine specimen at the Probation Office, which returned presumptive positive for methamphetamine, amphetamine, and MDMA. Defendant admitted verbally to the observing officer that he used methamphetamine.

(2) On March 21, 2023, Defendant completed a mental health and substance abuse evaluation at Fletcher Counseling & Associates in Plano, Texas. The evaluation noted that Defendant purposely manipulated the assessment in his answering pattern. He reported that he had lied on past evaluations and seemed to make a joke of his responses. As such, Defendant failed to follow the rules and regulations of the treatment program.

On April 3, 2023, Defendant was unable to provide a urine specimen at the Probation Office and stated he would come back the following day. As such, Defendant failed to participate in drug testing by failing to provide a urine specimen for collection.

Additionally, on April 4, 2023, and September 18, 2023, Defendant failed to report to the Probation Office for drug testing as instructed.

Additionally, Defendant failed to report for drug testing at ARC on March 27, 2023, July 31, 2023, August 12, 2023, August 17, 2023, August 21, 2023, September 1, 2023, and September 16, 2023, as part of the Probation Office's random drug testing program.

(3) On March 2, 2023, Defendant's request to transfer to the Eastern District of Texas was approved, and he was instructed to report to the Probation Office for his intake interview. Defendant failed to report to the Probation Office within seventy-two hours, and he did not return phone calls to his assigned Probation Officer until March 6, 2023.

On April 3, 2023, Defendant was instructed in person and later via text message to report to the Probation Office for drug testing. Defendant failed to report to the Probation Office as instructed.

Additionally, on September 18, 2023, telephone contact was made with Defendant after the Probation Office was notified that he failed to report for drug testing on September 16, 2023. Defendant was instructed to report to the Probation Office for drug testing by 3:00 p.m. He was advised that Supervising Probation Officer Jansen Kitchens would be in the office and would meet with him. It was made clear to him that not reporting would result in serious consequences. Defendant failed to report to the Probation Office as instructed.

On January 22, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for January 22, 2024. Defendant entered a plea of true to allegations one through three, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 36. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 22, 2024, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one

(1) day with no term of supervised release to follow. The Court further recommends Defendant be placed at FCI Bastrop, in Bastrop, Texas, if appropriate.

**So ORDERED and SIGNED this 22nd day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE